UNITED STATES v. ONE TRUNK (GANNON, Claimant).

(Circuit Court of Appeals, Second Circuit. January 8, 1912.)

No. 25.

1. CUSTOMS DUTIES (§ 67*)—ENTRY—DUTY OF IMPORTER.

A passenger from abroad was not bound to enter as baggage, within Rev. St. § 2799 (U. S. Comp. St. 1901, p. 1872), a trunk containing only merchandise intended for sale, but was bound to indicate its character to the customs officers.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 67.*]

2. CUSTOMS DUTIES (§ 130*)—FORFEITURE—FRAUDULENT INVOICE.

Imported goods are not forfeitable because the consular invoice procured by her underestimated their value, where, before anything was done toward entry, her attorney wrote a letter to the treasury solicitor, stating that entry on the invoice was not desired, and correcting the values.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 296-315; Dec. Dig. § 130.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

192 F.—58

In Error to the District Court of the United States for the Southern District of New York.

Proceeding by the United States to forfeit one trunk of imported merchandise, claimed by Mrs. N. S. Gannon. From a judgment for claimant (175 Fed. 1012), the United States brings error. Affirmed.

Henry A. Wise, U. S. Atty. (Addison S. Pratt, Asst. U. S. Atty., of counsel), for the United States.

John G. Duffy (Joseph G. Kammerlohr, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. It seems hardly necessary to add anything to the full discussion of the facts and the law which is found in the opinion of Judge Hand. Two grounds of forfeiture are asserted: (1) That the claimant made and attempted to make entry of the trunk and merchandise contained therein both by means of a false and fraudulent baggage declaration and entry, and also by means of a false and fraudulent consular invoice, understating the value. (2) That the claimant had been guilty of a willful act or omission by means of which the United States might have been and was deprived of the lawful duties accruing on the merchandise, viz., the willful misstatement to the collector of the true price thereof—all with intent to defraud the revenues of the United States.

Before she left Europe Mrs. Gannon, no doubt with intent to defraud, procured a consular invoice which was regular in form, but understated the price of some of the costumes in the trunk. All these articles enumerated in the consular invoice, being merchandise intended for sale here, were packed in a single trunk, which contained nothing else. This trunk and its contents were in no sense "passengers' baggage." Not even between the passenger and the carrier, for, had the trunk been lost through the carrier's neglect, the owner could not have recovered damages for the loss, because by bringing it on board with her other packages, which contained wearing apparel and personal effects, without notifying the carrier that it contained merchandise only and offering to pay freight on it, she perpetrated a fraud on the carrier.

[1] When she arrived here, however, she stated in her baggage declaration that there was a consular invoice covering the articles purchased abroad, and to the inspector and the deputy collector on the dock she stated orally she had a consular invoice covering all the merchandise in that trunk, whereupon it was sent to the public stores. At no time, orally or in writing, did she represent to the customs officers that this particular trunk contained baggage. The case is wholly different from those where the dutiable articles have been packed with nondutiable baggage, and an attempt made to bring them in without indicating what they are. Since it contained nothing but merchandise intended for sale, the claimant was under no obligation to enter this particular trunk as personal baggage, under section 2799, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1872). But since it came out of the ship with the other packages which did contain baggage,

it was her duty to indicate to the customs officers that it was a package of merchandise. This she did.

[2] That she procured a consular invoice in which some of the articles were undervalued is not material, unless she undertook to make use of that fraudulent invoice to effect entry of goods. This she did not do. Inasmuch as the goods exceeded $500 in value, no entry of them could have been made on the dock. The statutes and treasury regulations peremptorily require that the goods should be sent to public stores, and entry could be made only at the custom house. The trunk and contents were sent to the public stores, but, before anything was done towards the entry, the attorney for the claimant wrote to the treasury solicitor that the invoice did not correctly state the purchase price of some of the items in it, and that claimant did not wish to make entry upon such invoice. The letter corrected the values of many of the items.

We are clearly of the opinion that the decree of the District Court should be affirmed.